

UNITED STATES DISTRICT COURT **CV 13 - 3214**
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

SAMANTHA RIVERA, TIQUISHA WASHINGTON,

**GLEESON, J.** Plaintiffs,

-against-

CITY OF NEW YORK, DETECTIVE JEWELS SHIELD
NO. 4200, DETECTIVE HOOSICK, DETECTIVE "JOHN
DOE",

Defendants.

COMPLAINT AND
JURY DEMAND

Docket No.

ECF CASE

**AZRACK, M.J.**

-------------------------------------------------------------------------- x

Plaintiffs Samantha Rivera and Tiquisha Washington, by their attorneys, Stoll, Glickman

& Bellina, LLP, for their complaint allege as follows:

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiffs seek relief through 42 U.S.C.

§1983 for the violation of their Fourth and Fourteenth Amendment rights in addition to

violations of the laws and Constitution of the State of New York.

2.  The claim arises from a May 30, 2012 incident in which Officers of the New

York City Police Department ("NYPD"), acting under color of state law, intentionally

and willfully subjected plaintiffs to, among other things, assault, battery, excessive force,

false arrest, false imprisonment, and malicious prosecution.

3.  Plaintiffs seek monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further

relief as the Court deems just and proper.

JURISDICTION

4.   This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5.   The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.   The amount in controversy exceeds $75,000.00 excluding interest and costs.

VENUE

7.   Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

PARTIES

8.   Plaintiffs resided at all times here relevant in Queens County, City and State of New York.

9.   The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.   Detective Jewel was, at all times here relevant, a police officer of the NYPD,

2

and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Jewel was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Jewel was under the command of the 101st precinct on the date of the incident. On information and belief, at all times relevant hereto, Defendant Jewel was under the command of the 101st precinct and is sued in his individual capacity.

11.    Detective Hoosick was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Hoosick was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Hoosick was under the command of the 101st precinct on the date of the incident. On information and belief, at all times relevant hereto, Defendant Hoosick was under the command of the 101st precinct and is sued in his individual capacity.

12.    Detective John Doe was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant John Doe was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant John Doe was under the

command of the 101st precinct on the date of the incident. On information and belief, at all times relevant hereto, Defendant John Doe was under the command of the 101st precinct and is sued in his individual capacity.

13.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14.   Within 90 days of the events giving rise to these claims, plaintiffs filed written notices of claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15.   On May 30, 2012 at approximately 6:30 p.m., plaintiff Samantha Rivera was taking a nap with her 5 month old grandson when she heard officers outside.

16.   She has lived at 1428 Pinson Street in Far Rockaway for several years with her husband and two children.

17.   After waking up, Ms. Rivera looked out her window and saw four plainclothes officers detaining a neighbor's son. She also saw her son, Timothy, talking to the officers.

18.   She went downstairs and asked what was going on.

19.   She heard Detective Edwards tell her son, "I'm gonna call for a car to come after you".

20.   Ms. Rivera walked back to her house to tell her husband what was happening.

21.   Her husband, a mechanic, was working underneath a car when she approached.

22.   A customer was also in his driveway.

23.   Before she could explain what was happening to him, her son ran into the driveway chased by the detectives with their guns drawn.

24.   Ms. Rivera and her husband yelled at the police to get off their property while they were chasing Timothy around the driveway.

25.   Timothy ran inside the house and two detectives followed him, tackling him inside the kitchen.

26.   Ms. Rivera went inside the house and started having an asthma attack inside the kitchen. She held on to the refrigerator for support.

27.   She never physically got between the officers and her son or tried to stop them from handcuffing him in any way.

28.   Ms. Washington never physically got between the officers and her brother or tried to stop them from handcuffing him in any way.

29.   The detectives handcuffed Timothy inside the house.

30.   Detective Edwards took Timothy to the van in handcuffs.

31.   Ms. Rivera tried to close the sliding glass door between the porch and the kitchen after Timothy was led out.

32.   While she was closing the sliding glass door, two defendants grabbed her and pulled her through the sliding glass door and onto the porch.

33.   One of the defendants maced Ms. Rivera and her daughter, Tiquasha Washington, who was also inside the kitchen.

34.   On the porch, defendants assaulted Ms. Rivera with punches and with a stick.

35.   One defendant went inside the house and found Ms. Washington in the

bathroom, where she was washing the mace off of her face. He told her to put her hands behind her back or else he would shoot the dogs.

36. At the precinct, Ms. Rivera was having an asthma attack. EMT came and insisted that she needed to go to the hospital, or else she might die.

37. One of the defendants replied "it wouldn't be the first criminal who died in my custody".

38. Ms. Rivera went to St. John's Hospital, where she was treated for asthma and for being maced. She had cuts and bruises all over her body.

39. Ms. Rivera and Ms. Washington were released at approximately 2:00 p.m. the following day.

40. Ms. Washington missed one day's work as a result of being falsely arrested.

41. Defendants filed false statements against Ms. Rivera and Ms. Washington causing them to be charged with crimes.

42. After several court appearances, all charges were dismissed against both plaintiffs in October 2012.

43. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

44. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

## DAMAGES

45.   As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

a.      Violation of their rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b.      Violation of their rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c.      Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.      Violation of their New York State Constitutional rights under Article 1, Section 6 to due process;

e.      Physical pain and suffering;

f.      Emotional trauma and suffering, including fear, embarrassment, humiliation, harassment, emotional distress, frustration, extreme inconvenience, anxiety;

g.      Loss of liberty.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983
False Arrest and False Imprisonment
(Against Officer Defendants)

46.   The above paragraphs are here incorporated by reference.

47.   The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiffs.

48.   The wrongful, unjustifiable, and unlawful apprehensions, arrests, detentions,

7

and imprisonment of plaintiffs were carried out without a valid warrant, without plaintiffs' consent, and without probable cause or reasonable suspicion.

49.   At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiffs.

50.   Throughout this period, plaintiffs were unlawfully, wrongfully, and unjustifiably held under arrest, deprived of their liberty, imprisoned and falsely charged.

51.   At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiffs were without basis and without probable cause or reasonable suspicion.

52.   All of this occurred without any illegal conduct by plaintiffs.

53.   All charges were dismissed.

54.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiffs of their constitutional rights secured by the United States Constitution.

55.   As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

SECOND CAUSE OF ACTION
New York State Constitution Article I §12
False Arrest and False Imprisonment
(Against All Defendants)

56.   The above paragraphs are here incorporated by reference.

57.   The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiffs.

acted willfully, knowingly and with the specific intent to deprive plaintiffs of their constitutional rights secured by the Constitution of the State of New York.

67. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

THIRD CAUSE OF ACTION
False Arrest and False Imprisonment
(Against All Defendants)

68. The above paragraphs are here incorporated by reference.

69. Defendants subjected plaintiffs to false arrest, false imprisonment, and deprivation of liberty without probable cause.

70. Defendants intended to confine plaintiffs, plaintiffs were conscious of their confinement and did not consent to their confinement.

71. All charges were dismissed.

72. Defendants, their officers, agents, servants and employees, were responsible for plaintiffs' arrests, detentions and imprisonments during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

FOURTH CAUSE OF ACTION
Malicious Prosecution
(Against All Defendants)

74. The preceding paragraphs are here incorporated by reference.

75. Defendants, acting with malice, initiated a prosecution against plaintiffs and caused them to be prosecuted.

10

58.   The wrongful, unjustifiable, and unlawful apprehensions, arrests, detentions, and imprisonment of plaintiffs were carried out without a valid warrant, without plaintiffs' consent, and without probable cause or reasonable suspicion.

59.   At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiffs.

60.   Throughout this period, plaintiffs were unlawfully, wrongfully, and unjustifiably held under arrest, deprived of their liberty, imprisoned and falsely charged.

61.   At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiffs were without basis and without probable cause or reasonable suspicion.

62.   All of this occurred without any illegal conduct by plaintiffs.

63.   All charges were dismissed.

64.   Defendants, their officers, agents, servants and employees, were responsible for plaintiffs' arrests, detentions and imprisonments during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

65.   Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards plaintiffs.

66.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants

76.   Defendants did not have probable cause to initiate proceedings.

77.   The criminal proceedings were terminated in plaintiffs' favor.

78.   Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 U.S.C. §1983, New York State common law, and the New York State Constitution.

79.   As a result of the malicious prosecution implemented by defendants, plaintiffs were damaged.

FIFTH CAUSE OF ACTION
42 U.S.C. §1983
Excessive Force
(Against Officer Defendants)

80.   The above paragraphs are here incorporated by reference.

81.   By using excessive force against plaintiffs, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiffs of their rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

82.   In addition, the officer defendants conspired amongst themselves to deprive plaintiffs of their constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

83.   The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiffs of their

11

constitutional rights secured by the United States Constitution.

84.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SIXTH CAUSE OF ACTION
New York State Constitution Art. I § 12
Excessive Force
(Against All Defendants)

85.    The above paragraphs are here incorporated by reference.

86.    By using excessive force against plaintiffs, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiffs of their rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by Article I Section 12 of the New York State Constitution.

87.    In addition, the officer defendants conspired amongst themselves to deprive plaintiffs of their constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

88.    Defendants, their officers, agents, servants and employees, were responsible for plaintiffs' arrests, detentions and imprisonments during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

89.    The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiffs of their

12

constitutional rights secured by the New York State Constitution.

90.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

SEVENTH CAUSE OF ACTION
Assault and Battery
(Against All Defendants)

91.    The above paragraphs are here incorporated by reference.

92.    Upon approaching, threatening, grabbing Ms. Rivera's arm, using mace against her and Ms. Washington, and pulling Ms. Rivera through a glass door and proceeding to punch and hit her with sticks, defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

93.    Defendants engaged in and subjected plaintiffs to immediate harmful and/or offensive touching and battered them without their consent.

94.    Defendants used excessive and unnecessary force with plaintiffs.

95.    Defendants, their officers, agents, servants and employees, were responsible for plaintiffs' arrests, detentions and imprisonments during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

96.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiffs sustained the damages described above.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B.    Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury.


DATED:        Thursday, May 30, 2013
              Brooklyn, New York


                                        Respectfully yours,

TO:
      City of New York                  By: Cynthia Conti-Cook
      100 Church Street                 Bar# CC0778
      New York, NY  10007               Stoll, Glickman & Bellina, LLP
                                        Attorneys for Plaintiff
                                        475 Atlantic Avenue, 3rd Floor
                                        Brooklyn, NY  11217
                                        (718) 852-3710
                                        (718) 852-3586
                                        cconti-cook@stollglickman.com